JS 44 (Rev 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Tracy J. Cederfeldt

**DEFENDANTS**

Frontier Airlines - Citizen of Colorado;
Christine Kreiss - Citizen of New Jersey

**(b)** County of Residence of First Listed Plaintiff  Ridley Park, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

J. Stephen Woodside, One Belmont Ave., GSB Building, Suite 324, Bala Cynwyd, PA 19004 - 610-278-2442

Attorneys *(If Known)*

Paul C. Lantis, Littler Mendelson, 3 Parkway, 1601 Cherry St., Ste, 1400, Phila., PA 19102 - 267-402-3000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U S Government Plaintiff
- [ ] 2 U S Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [x] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | **PERSONAL PROPERTY** | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | [ ] 370 Other Fraud | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | | [ ] 751 Family and Medical Leave Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 790 Other Labor Litigation | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 870 Taxes (U S Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer w/Disabilities - Other | **Other:** | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | | | |
| | | [ ] 550 Civil Rights | **IMMIGRATION** | | |
| | | [ ] 555 Prison Condition | [ ] 462 Naturalization Application | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332 (a)(1), 1441, 1446

Brief description of cause:
Defamation and Tortious Interference

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See Instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
February 16, 2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ Paul C. Lantis

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT  _____  APPLYING IFP  _____  JUDGE  _____  MAG JUDGE  _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____306 Buse Street, Ridley Park, PA 19078_____

Address of Defendant: _____41 Stanhope Road, Marmora, NJ 08223_____

Place of Accident, Incident or Transaction: _____Philadelphia, PA_____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _02/16/2021_     _____     _309240_
                        *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*
                        Must sign here

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify)* _____

**B.    Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☑ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____Paul C. Lantis_____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:
- ☑ Relief other than monetary damages is sought.

DATE: _02/16/2021_     _____     _309240_
                        *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*
                        Sign here if applicable

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

TRACY J. CEDERFELDT,

    Plaintiff,

  v.

FRONTIER AIRLINES, INC.

and CHRISTINE KREISS, an individual

    Defendant.

Case No. _____

Judge _____

Removed from Court of Common Pleas,
Philadelphia County
Civil Action No. 200500175

## NOTICE OF REMOVAL

   Defendant Christine Kreiss ("Ms. Kreiss"), hereby removes this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. §§ 1332(a)(1), 1441, and 1446. In support of this Notice of Removal ("Notice"), Ms. Kreiss states as follows:

**I.  PROCESS, PLEADINGS, AND ORDERS**

   1.  Plaintiff Tracy J. Cederfeldt ("Ms. Cederfeldt" or "Plaintiff") filed a Complaint on or about May 4, 2020, designated Case No. 200500175 in the Court of Common Pleas of Philadelphia County. Ms. Cederfeldt's Complaint is attached as Exhibit A.

   2.  Ms. Cederfeldt served Frontier Airlines, Inc. with a Summons and a copy of the Complaint on December 28, 2020.

3.      On February 12, 2021,[1] counsel for Ms. Cederfeldt provided an Acknowledgment of Service for Ms. Kreiss on Paul C. Lantis, Esq., which was returned the same day.[2] The February 11, 2021 acknowledgment of service is attached as Exhibit B.

4.      The Complaint alleges the following claims: (i) defamation – slander and (ii) tortious interference with contractual relations.

5.      Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process, pleadings and orders served upon Ms. Kreiss or filed or received in this action by Ms. Kreiss.

## II.   VENUE

6.      Because the Court of Common Pleas of Philadelphia County lies in the Eastern District of Pennsylvania, this Court is the appropriate venue for removal.  *See* 28 U.S.C. §§ 118(a) and 1441(a).

## III.   DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(a)

7.      Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

### A.      Diversity Of Citizenship Exists

8.      For diversity purposes, an individual is a citizen of the state in which he or she is domiciled with the intent to remain.  *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008).   To be domiciled in a state, a person must reside there and intend to remain

---

[1] Though the Acknowledgment of Service is dated February 11, it was sent by Ms. Cederfeldt's counsel via e-mail on February 12.

[2] Ms. Cederfeldt filed an affidavit of service for Ms. Kreiss indicating that service was made on December 28, 2020.   This attempt at service was improper, however, because the attempt was made on Frontier's registered agent, Corporation Service Company ("CSC").   *See* Affidavit of Service attached as Exhibit C.   CSC was not authorized to accept service on behalf of Ms. Kreiss and it is neither her residence nor her office or usual place of business.   *See* Pa. R.C. P. 402(a)(2).

indefinitely.  *See Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972).  A person may only have one domicile, and thus, may be a citizen of only one state for diversity jurisdiction purposes.  *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914).  Ms. Cederfeldt alleges that she is a citizen of the Commonwealth of Pennsylvania.  Exhibit at ¶ 1.  Accordingly, Ms. Cederfeldt is a citizen of the Commonwealth of Pennsylvania for purposes of diversity jurisdiction.

9.    For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is its "nerve center" – the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

10.    Defendant Frontier is incorporated in the State of Colorado, and its principal place of business in Denver, Colorado.  Accordingly, Frontier is a citizen of Colorado for diversity purposes.  *See* 28 U.S.C. §§ 1332(a)(1), (c)(1).

11.    Ms. Kreiss is a resident of Marmora, New Jersey.  Accordingly, Ms. Kreiss is a citizen of New Jersey for diversity purposes.  *See* 28 U.S.C. §§ 1332(a)(1), (c)(1).

12.    Accordingly, there is complete diversity among the parties for purposes of removal.

**B.    The Amount In Controversy Exceeds $75,000**

13.    Pursuant to 28 U.S.C. § 1446(c), Defendants need only establish by a preponderance of evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement.

14.    Ms. Cederfeldt's Complaint alleges that she seeks in excess of $50,000, and also states that, she seeks to recover monetary damages, compensatory damages, incidental and

consequential damages, damages for humiliation and emotional distress, loss-of-standing and reputation with one or more airline carriers and contractors at PHL and the aviation community at-large, prejudgment interest, liquidated damages, exemplary and/or punitive damages.  *See* Exhibit A at WHEREFORE clauses.

15.     Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," and a removing defendant need only establish that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum of $75,000.  *See* 28 U.S.C. § 1446(c)(2)(A).

16.     For jurisdictional purposes, "determining the amount in controversy begins with a reading of the complaint filed in the state court."  *See Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004).  The court, however, does not merely accept a plaintiff's contentions regarding the amount in controversy, but is required to analyze the legal claims to determine if a plaintiff's actual monetary demands exceed the $75,000 threshold.  *Morgan v. Gay*, 471 F.3d 469, 474-75 (3d Cir. 2006).

17.     In her Complaint, Ms. Cederfeldt alleges that because of Ms. Kreiss's alleged defamatory statements, Ms. Cederfeldt "lost her $45,000/year job at Menzies, the emoluments of the position and career advancement, and any chance of a career in aviation at PHL."  *See* Exhibit A at ¶¶ 85, 111.

18.     Ms. Cederfeldt alleges that the job at Menzies was to begin on January 7, 2020. *See* Exhibit A at ¶ 35.  Thus, as of the date of this filing, Ms. Cederfeldt's alleged economic losses alone would be approximately $48,750 based on the allegations in her Complaint.

19.     Beyond the alleged economic damages, Ms. Cederfelt also seeks damages for "compensatory damages, incidental and consequential damages, damages for humiliation and emotional distress, loss-of-standing and reputation with one or more airline carriers and contractors at PHL and the aviation community-at-large, . . . liquidated damages, exemplary and/or punitive damages, and such other relief as the court deems just." *See* Exhibit A at WHEREFORE clauses.

20.     Although Defendants deny the validity and merit of Ms. Cederfeldt's claims and allegations, and deny that Ms. Cederfeldt is entitled to any relief, Ms. Cederfeldt's requests for recovery of economic losses (already in excess of $48,000 and continuing based on her allegations), humiliation and emotional distress, loss of reputation, along with liquidated, incidental, consequential and punitive damages demonstrates an amount in controversy in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs.

21.     Based on the foregoing and taking into consideration Ms. Cederfeldt's claims for economic losses, humiliation and emotional distress, loss of reputation, along with liquidated, incidental, consequential and punitive damages, and her other claims, the amount in controversy for Ms. Cederfeldt's claims exceeds $75,000.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

## IV.    COMPLIANCE WITH PROCEDURAL REQUIREMENTS

22.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed on February 16, 2021, which is within thirty days of service of the Complaint on the last served defendant, Ms. Kreiss.[3]

---

[3] "The date of service on the last-served defendant is critical because 'the last-served defendant may remove within thirty (30) days of service, and other defendants may consent to the later-served Defendant's removal even if their own removal periods have expired.'" *Saviour v. S. William Stavropoulos, M.D.*, CIVIL ACTION No. 15-5362, at *7 (E.D. Pa. Nov. 5, 2015).

23.     Frontier Airlines consents to the removal of this action.

24.     In accordance with 28 U.S.C. § 1446(d), Ms. Kreiss has filed this Notice with this Court, is serving a copy of this Notice upon counsel for Ms. Cederfeldt, and is filing a copy of this Notice in the Court of Common Pleas of Philadelphia County.

25.     Ms. Kreiss reserves the right to submit further evidence supporting this Notice should Ms. Cederfeldt move to remand.

## V.     CONCLUSION

**WHEREFORE**, having fulfilled all statutory requirements, Ms. Kreiss prays the instant action pending against her in the Court of Common Pleas of Philadelphia County, Pennsylvania, be removed to this Court and request that this Court assume full jurisdiction over this matter as provided by law.

Respectfully submitted,

Paul C. Lantis
Adama K. Wiltshire
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000 – telephone
267.402.3131 – facsimile
plantis@littler.com
awiltshire@littler.com

*Attorneys for Defendants*

FRONTIER AIRLINES, INC. and
CHRISTINE KREISS

Dated: February 16, 2021

# EXHIBIT A

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

Philadelphia _____ **County**

| For Prothonotary Use Only: |
| --- |
| Docket No: |
| *Filed and Attested by the Office of Judicial Records 04 MAY 2020 05:36 pm A. SILIGRINI* |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: Tracy J. Cederfeldt | Lead Defendant's Name: Frontier Airlines, Inc. |
| --- | --- |

| Are money damages requested? [x] Yes [ ] No | Dollar Amount Requested: (check one) | [ ] within arbitration limits [x] outside arbitration limits |
| --- | --- | --- |

| Is this a *Class Action Suit*? [ ] Yes [x] No | Is this an *MDJ Appeal*? [ ] Yes [x] No |
| --- | --- |

Name of Plaintiff/Appellant's Attorney: J. Stephen Woodside, Esquire  Attorney ID No. 43811

[ ] **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [x] Slander/Libel/ Defamation
- [ ] Other:
  _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:
  _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:
  _____

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
  _____

- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
  _____

- [ ] Other:
  _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:
  _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
  _____
- [ ] Zoning Board
- [ ] Other:
  _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:
  _____

# NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.    Cover Sheet**

(a)(1)  This rule shall apply to all actions governed by the rules of civil procedure except the following:

(i)      actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

(ii)     actions for support, Rules 1910.1 et seq.

(iii)    actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

(iv)     actions for divorce or annulment of marriage, Rules 1920.1 et seq.

(v)      actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

(vi)     voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)      At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)      The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)      The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)      A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)      The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet.  The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

Case ID: 200500175

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

Filed and Attested by the
Office of Judicial Records
02 FEB 2020 03:35 pm
M. RUSSO

| | | |
|---|---|---|
| TRACY J. CEDERFELDT, | : | CIVIL ACTION - LAW |
| Plaintiff, | : | |
| | : | NO. |
| v. | : | |
| | : | JURY DEMAND |
| FRONTIER AIRLINES, INC.<br>and<br>CHRISTINE KREISS, an individual, | : | |
| Defendants. | : | |

## **NOTICE TO DEFEND**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197
## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

1

Case ID: 200500175

12-28-20 1:20 PM

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | **MAY 2020** 000175 |
| | E-Filing Number: 2005003213 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| TRACY J. CEDERFELDT | FRONTIER AIRLINES, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 306 BUSE STREET RIDLEY PARK PA 19078 | 8500 ESSINGTON AVENUE TERMINAL E PHILADELPHIA PA 19153 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | CHRISTINE KREISS |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 8500 ESSINGTON AVENUE TERMINAL E PHILADELPHIA PA 19153 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal ☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less | ☐ Arbitration | ☐ Mass Tort | ☐ Commerce | ☐ Settlement |
| ☒ More than $50,000.00 | ☒ Jury | ☐ Savings Action | ☐ Minor Court Appeal | ☐ Minors |
| | ☐ Non-Jury | ☐ Petition | ☐ Statutory Appeals | ☐ W/D/Survival |
| | ☐ Other: | | | |

| CASE TYPE AND CODE |
|---|
| 2L - LIBEL, SLANDER, MISREPRESENT |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED PRO PROTHY** MAY **04** 2020 A. SILIGRINI | YES        NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>TRACY J CEDERFELDT</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| J STEPHEN. WOODSIDE | J STEPHEN WOODSIDE PC MERION STATION-111 CARMELLA COURT KING OF PRUSSIA PA 190046 |
| **PHONE NUMBER** (610)278-2442 | **FAX NUMBER** (610)278-2644 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 43811 | jstephenwoodside@verizon.net |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| J WOODSIDE | Monday, May 04, 2020, 05:56 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

J. STEPHEN WOODSIDE, P.C.
By: J. Stephen Woodside, Esquire
Attorney ID No. 43811
One Belmont Avenue
GSB Building - Suite 324
Bala Cynwyd, PA 19004·
(610) 278-2442

Attorney for plaintiff

|  |  |  |
|---|---|---|
| TRACY J. CEDERFELDT, | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | PHILADELPHIA COUNTY |
| v. | : | CIVIL ACTION - LAW |
| FRONTIER AIRLINES, INC. | : | NO. |
| and | : | JURY DEMAND |
| CHRISTINE KREISS, an individual, | : | |
| Defendants. | : | |

## *COMPLAINT*

### *THE PARTIES*

1.      Plaintiff, Tracy J. Cederfeldt is an adult individual and citizen of the

Commonwealth of Pennsylvania, residing at 306 Buse Street, Ridley Park, Pennsylvania 19078.

2.      Defendant, Frontier Airlines, Inc. ("Frontier") is a corporation having at all times

relevant a place business and operational agency/department at Philadelphia International Airport

("PHL"), 8500 Essington Avenue (Terminal E), Philadelphia, Pennsylvania 19153.

3.      At all times relevant and material, Frontier acted by and through its duly

authorized officers, agents, servants and employees, who acted within the scope of their agency

and/or authority and within the course of Frontier's business, mission and affairs.

4.      Defendant, Christine Kreiss is an adult individual and citizen and/or resident of

2

the Commonwealth of Pennsylvania, having a business address at Frontier's offices at PHL, 8500

Essington Avenue (Terminal E), Philadelphia, Pennsylvania 19153.

5.      At times relevant and material to this action, Kreiss acted within the scope of her

agency and/or authority at Frontier and within the course of Frontier's business, mission and

affairs.

6.      At other times relevant and material, Kreiss from time to time acted beyond the

scope of her agency and authority with Frontier as a vituperative, malcontent rogue on a personal

mission to oust plaintiff from Frontier's PHL operations and other servicing contractors at PHL.

7.      Frontier is an American ultra low-cost airline carrier headquartered in Denver

Colorado, operating flights to over 100 destinations throughout the United States and 30

international destinations, employing more than 3,000 air-travel professionals.

8.      With Denver as its hub, Frontier [IATA F9; FFT; Frontier Flight] maintains and

operates aircraft at nearly a dozen major focus cities across the United States, including

Philadelphia International Airport (PHL).

9.      At PHL, Frontier operates through a number of independent contracting agents for

aircraft services, operations, fuel and security, including World Wide Flight Services (WFS)

which provides operational support for Frontier for its aircraft security, flight crews, ramp

personnel and customer service.

10.     At all times relevant, plaintiff was employed by WFS at PHL from September,

2018 through mid-afternoon January 6, 2020, the day before she was scheduled to start her new

position with Menzies Aviation at PHL, as described below.

### *JURISDICTION*

11.     This court has subject matter jurisdiction over all causes of action pursuant to 42

3

Case ID: 200500175

Pa. C.S.A. §931.

12.     Venue is proper in this county as to defendants pursuant to Rule 1006 of the Pennsylvania Rules of Civil Procedure, as the incident giving rise to the cause of action occurred in Philadelphia County, Pennsylvania.

### FACTUAL BACKGROUND

#### Plaintiff's employment at World Wide Flight Services

13.     Plaintiff began her employment with WFS in September, 2018, working in operations as Frontier's ground contractor providing services and support to Frontier flights and crews at PHL.

14.     Plaintiff was tasked with core responsibilities at WFS to ensure Frontier had open gates, on-time departures, and ground-based resources Frontier pilots, flight attendants and ground crews (rampers, agents) needed to operate Frontier PHL flights smoothly.

15.     Plaintiff at WFS developed a high level of aviation knowledge and expertise in Frontier operations and procedures, to the point where virtually the entire Frontier pilot group relied and trusted plaintiff daily to manage and deliver operational and safety excellence for the aircraft, their crews, and passengers.

16.     WFS was challenged, even borderline chaotic, in its operational deliverables at peak flight times, creating systemic problems due to lack of WFS written protocols and training for core duties and assignments, and non-performing management.

17.     Because WFS problems repeatedly affected Frontier flight operations, plaintiff took charge to suggest and even began drafting a ready reference tutorial (RRF) for WFS operations, benefiting both WFS and Frontier.

18.     Plaintiff's WFS-proposed tutorial was encouraged by Frontier's Brad Lambert,

4

Vice-President Flight Operations, Denver, who emailed plaintiff: "[t]his is fantastic."

19.    In June, 2019, seeking to advance her aviation career, plaintiff applied for the general manager position for WFS at PHL.

20.    Plaintiff's professional goal was to obtain a position in aviation management utilizing her leadership skills to encourage and promote innovative ideas to advance WFS and/or other major airline carriers at PHL.

21.    Frontier management, and most importantly Frontier pilots, supported and encouraged plaintiff in obtaining the WFS station manager position at PHL, and provided strong letters of recommendation.

22.    In early January, 2020, plaintiff applied for Frontier's Inflight Coordinator position at Trenton Mercer Airport (New Jersey); her application was again strongly supported with letters of recommendation from Frontier pilots.

23.    In response to plaintiff's proposed operations tutorial in 2019, Frontier management in Denver (Brad Lambert) inquired whether plaintiff had an interest in relocating to the Denver hub in a supervisory or operations manager role.

24.    Plaintiff responded to Lambert she would re-locate to Denver, explaining she was personally invested in Frontier, striving for excellence for the Frontier experience.

25.    Plaintiff's desire to serve Frontier as a trainer for operations or other supervisory operations role was attested to by Frontier pilots' personal recommendations throughout 2019, that plaintiff advance in operations management.

### *Plaintiff accepts the training position at Menzies Aviation at PHL*

26.    By November 2019, as Frontier was encouraging plaintiff to join Frontier in an operations management or training position, plaintiff was also pursuing opportunities in aviation

5

at PHL outside of WFS as they became available.

27.     On December 23, 2019 plaintiff gave her two-weeks notice to resign from WFS, further requesting a transfer out of operations into a new position with WFS offering career advancement, in which case she would stay on.

28.     On December 29, 2019, plaintiff sent her resume to Anne Monaghan, a human resources manager at Menzies Aviation at PHL, for several open positions at Menzies.

29.     Plaintiff, who was well-known at PHL by major airlines and their contractors, was encouraged to send her resume to Menzies.

30.     Menzies was the contract fueler at PHL for all airlines except American, operating out of Cargo City, beyond Terminal A, and Menzies needed a fuel training supervisor.

31.     Plaintiff applied for training supervisor position at Menzies, which moved her away from WFS (Terminal E) and away from Frontier's PHL regional manager, Christine Kreiss.

32.     Kreiss had long caused serious friction in plaintiff's work environment at WFS servicing Frontier's operations, harassing plaintiff and denigrating her ability to perform WFS duties for Frontier.

33.     The training position at Menzies paid plaintiff nearly twice what WFS paid, and offered plaintiff a new supervisory position and career advancement in aviation.

34.     Plaintiff interviewed with Menzies' general manager, Justin Halbsgut, on December 31, 2019 at the end of her work day.

35.     Justin Halbsgut called plaintiff on January 2, 2020 and offered her the job as training supervisor with Menzies Aviation, to start January 7, 2020.

36.     Plaintiff's last day of work at WFS was January 6, 2020 at 3:00 pm; she received no exit interview and no performance reviews.

6

37.     Plaintiff turned in her SIDA badge to WFS, expecting to receive a new SIDA badge after she started at Menzies, and left work to start her new job at Menzies the next day.

***Menzies rescinds the job offer based on false statements by Frontier to Menzies***

38.     Shortly before 3:00 pm on January 6, 2020, as plaintiff was leaving WFS' office, a Menzies' employee entered the WFS office where Christine Kreiss was also present.

39.     Christine Kreiss was the regional manager for Frontier at PHL in charge of overseeing the Frontier contract with WFS during the time plaintiff worked at WFS.

40.     Kreiss all during 2019 made plaintiff's WFS work environment intolerable and borderline hostile, a fact plaintiff legitimately complained about in her resignation letter.

41.     Earlier in 2019, plaintiff asked to be moved out of operations into another WFS position, or that a new work schedule be assigned, to minimize contact with Kreiss but plaintiff was denied based on her superior operations skills.

42.     Frontier and Christine Kreiss did not control or direct plaintiff's work at WFS, Kreiss did not set or control WFS policy, and plaintiff did not report to Kreiss or anyone above Kreiss at Frontier.

43.     Plaintiff knew Christine Kreiss overheard plaintiff tell a Menzies employee on January 6, 2020 that she (plaintiff) was starting at Menzies PHL as a training supervisor on January 7, 2020.

44.     The evening of January 6, 2020 at about 5:00 pm, plaintiff missed two phone calls, one from Justin Halbsgut and one from Anne Monaghan at Menzies Aviation.

45.     Plaintiff called Justin Halbsgut back at 5:11 pm on January 6, 2010, and Halbsgut put Anne Monaghan on the call on a speaker phone.

46.     Halbsgut told plaintiff that Kreiss called him that afternoon (January 6, 2020) and

7

Case ID: 200500175

reported that Kreiss said plaintiff's authorization to enter or work around Frontier aircraft "had been removed".

47.     With Monaghan on the line, Justin Halbsgut said Christine Kreiss told him she was "just the messenger" and the decision about her authorization "came from Frontier".

48.     Up to the last minute plaintiff worked at WFS on January 6, 2020, plaintiff's authorization to board or work around Frontier aircraft *had never been removed* - any statement by Christine Kreiss that it had was *false*.

49.     During plaintiff's entire one and a half years at WFS, particularly during her two week notice period, plaintiff was never told or warned by WFS or Frontier that her authorization on Frontier aircraft had been "removed" or its status changed.

50.     Kreiss saw plaintiff leave the WFS office the afternoon of January 6, 2020 and heard plaintiff say she was heading to the flight deck of a gated Frontier aircraft to say "goodbye" to Frontier pilots.

51.     Christine Kreiss said nothing to plaintiff that her authorization to board or work around Frontier aircraft was "removed" or revoked.

52.     Frontier said nothing to plaintiff about her authorization to board or work around Frontier aircraft being "removed" or revoked.

53.     Kreiss' statement was false when made, and made recklessly and intentionally to cause preemptive, immediate rescission of plaintiff's employment at Menzies to start January 7, 2020.

54.     In the January 6, 2020 call, Anne Monaghan told plaintiff Menzies could no longer offer her the job, since the position required plaintiff to work in and around Frontier aircraft, and the offer was rescinded.

8

55.    The morning of January 7, 2020, plaintiff emailed Anne Monaghan at Menzies, Monaghan forwarded her email to Justin Halbgut, and Halbsgut emailed plaintiff that as of January 6, 2020 at 5:15 pm, plaintiff had *no employment* with Menzies.

56.    Justin Halbsgut confirmed Kriess' instructions that Menzies must "adhere to any requests from Christine Kreiss to prohibit [plaintiff] from being in the Frontier operation."

57.    Halbsgut told plaintiff "at this point [his] hands were tied", because Kreiss is the station manager for Frontier at PHL and Frontier is Menzies' customer.

58.    The morning of January 7, 2020, before plaintiff emailed Monaghan about their January 6, 2020 call, plaintiff called the Frontier safety 1-800 number in Denver.

59.    Grant Gham (Frontier safety) took the call and plaintiff asked Gham if her authorization for Frontier aircraft was revoked.

60.    Plaintiff told Gham that Menzies' manager Justin Halbsgut told her Christine Kreiss said her authorization to work on and around Frontier aircraft had been revoked.

61.    Gham told plaintiff he had no information on her since she was not a Frontier employee, no reports had been made about plaintiff to Frontier in Denver, but he would call Christine Kreiss and look into it.

62.    On January 10, 2020 Gham called plaintiff back after he was able to reach Christine Kreiss about the matter.

63.    Kreiss told Gham plaintiff was "up at the gate talking about Frontier in a negative way and she had to pull [Tracy] off the Frontier contract with WFS" - all *false*.

64.    No one at Frontier, including Christine Kreiss, ever told plaintiff she was pulled off the Frontier contract with WFS, and plaintiff never spoke negatively about Frontier or Kreiss at any gate at any time.

9

65.     Kreiss' statements to Gham were false when made, and made recklessly and intentionally to cause and/or reinforce Menzies' rescission of plaintiff's new employment to start January 7, 2020.

66.     Kreiss' statements to Gham were intentionally made to Frontier safety to cover Kreiss' earlier lie to Menzies about plaintiff's authorization to work around Frontier aircraft.

67.     By January 6, 2020, plaintiff had applied for other positions at Frontier, and the pilots' group recommended "Frontier aggressively move to recruit and retain [plaintiff] as part of our [Frontier] team."

68.     On January 10, 2020, plaintiff emailed Brad Lambert she was now unemployed because of Kreiss' and Frontier's false statements to Menzies, that she had a home, and family and children to support, and was stripped of her $45,000/year job.

69.     Lambert was apologetic to plaintiff, and emailed he was tied up with ALPA negotiations but would check with "HQ" and look into it.

70.     Plaintiff never heard back from Brad Lambert, and nothing was done by anyone at Frontier to refute the false statements of Christine Kreiss and Frontier to Menzies.

### COUNT I
### *Plaintiff*
### *v.*
### *Frontier Airlines, Inc. and Christine Kreiss*
### *[Defamation - Slander]*

71.     Plaintiff incorporates by reference paragraphs 1 through 70, inclusive, as though the same were more fully set forth at length.

72.     The statement by Christine Kreiss to Menzies Aviation that her authorization to board or work around Frontier aircraft was *false*; plaintiff's authorization to board and work around Frontier aircraft at PHL had never been "removed."

Case ID: 200500175

73.     Kreiss knew her statement was false when made, and was made recklessly and intentionally to cause preemptive interruption and rescission of plaintiff's employment at Menzies to start January 7, 2020.

74.     On January 10, 2020, Grant Gham at Frontier safety reported to plaintiff he spoke to Christine Kreiss about plaintiff's authorization on Frontier aircraft.

75.     Kreiss told Gham plaintiff was "up at the gate talking about Frontier in a negative way and she had to pull plaintiff off the Frontier contract with WFS" - all *false.*

76.     Kreiss knew her statements to Gham were false when made, and were made recklessly and intentionally to cause and/or reinforce Menzies' rescission of plaintiff's new employment to start January 7, 2020.

77.     Kreiss' statements to Gham were made intentionally and recklessly to slander plaintiff, knowing they were false when made to cover her earlier false statements to Menzies about plaintiff's authorization to board and work around Frontier aircraft.

78.     On January 6, 2020, Monaghan and Halbsgut told plaintiff Menzies could no longer offer her the job based on the statements made by Kreiss and Frontier, and Menzies' job offer was rescinded.

79.     The slander to Menzies escalated from Halbsgut's statement that Menzies must "adhere to any requests from Christine Kreiss to prohibit [plaintiff] from being in the Frontier operation", because Frontier is Menzies' customer.

80.     Christine Kreiss and Frontier Airlines had no privilege, excuse or justification to make, accede to and/or adopt any false statements about plaintiff or slander plaintiff to anyone at Menzies under any circumstances.

81.     Christine Kreiss, acting as aforesaid, acted with actual and apparent authority of

11

Frontier towards Menzies as regards the Menzies contract for the Frontier PHL operation.

82.     Frontier directed, adopted and/or acceded to Kreiss' false statements about plaintiff's aircraft authorization to Menzies.

83.     Christine Kreiss, as Frontier's regional manager at PHL, intended and expected that Menzies would rely on her false statements about plaintiff, and Menzies in fact relied.

84.     By so directing and/or acceding and adopting Kreiss' false statements about plaintiff, Frontier intended and expected Menzies would rely on the false statements.

85.     As the result of the slander and false statements to Menzies, plaintiff was stripped of her $45,000/year job at Menzies, the emoluments of the position and career advancement, and any chance of a career in aviation at PHL.

86.     Plaintiff's good name and reputation in aviation at PHL, particularly with contractors serving carriers and aircraft at PHL, has been tarnished, denigrated and slandered that plaintiff has received no job offers in aviation at PHL despite applications for open positions.

87.     Frontier and Kreiss, acting as aforesaid, engaged in such improper and unlawful conduct and slander intentionally and with malice and/or reckless indifference, knowing to a high degree of probability that harm would result to plaintiff.

88.     As a result of the false statements and slander of Christine Kreiss and Frontier, plaintiff has suffered damages and harm.

WHEREFORE, plaintiff, Tracy J. Cederfeldt demands judgment in her favor and against defendants, Frontier Airlines, Inc. and Christine Kreiss, individually, jointly and/or severally in an amount in excess of $ 50,000, for monetary damages, compensatory damages, incidental and consequential damages, damages for humiliation and emotional distress, loss-of-standing and reputation with one or more airline carriers and contractors at PHL and the aviation community-

Case ID: 200500175

at-large, prejudgment interest, liquidated damages, exemplary and/or punitive damages, and such
other relief as the court deems just.

## COUNT II
### Plaintiff
### v.
### Frontier Airlines, Inc. and Christine Kreiss
### [Tortious interference with contractual relations]

89.     Plaintiff incorporates herein by reference paragraphs 1 through 88, inclusive, as
though the same were more fully set forth at length.

90.     At all times relevant and material, plaintiff's employment to start with Menzies on
January 7, 2020 was on an at-will basis, which constitutes a contractual employment relationship
in this Commonwealth.

91.     Frontier, through Christine Kreiss and/or others unknown to plaintiff prior to
discovery, told Menzies that plaintiff's authorization to board and work around Frontier aircraft
had been "removed" and revoked.

92.     Kreiss, acting as aforesaid through Frontier and through her own vindictive
campaign, told Menzies that plaintiff's authorization to board and work around Frontier aircraft
had been "removed" and revoked.

93.     That allegation - made the day before plaintiff was to start her new job at Menzies
- was *false* when made and/or made with reckless disregard for the truth.

94.     Kreiss and Frontier both knew her statement was false when made, and was made
recklessly and intentionally denigrate plaintiff, to cause preemptive interruption and rescission of
plaintiff's employment at Menzies to start January 7, 2020.

95.     On January 7, 2020, plaintiff learned from Frontier safety that Kreiss told Grant
Gham (Frontier) plaintiff was "up at the gate talking about Frontier in a negative way and she had

13

to pull plaintiff off the Frontier contract with WFS" - another *false* statement.

96.     Kreiss knew her statements to Gham were expressly false when made, and were made recklessly and intentionally to cause and/or reinforce Menzies' rescission of plaintiff's new employment to start January 7, 2020.

97.     Kreiss' statements to Gham were made intentionally and recklessly to slander plaintiff to Frontier, knowing they were false when made to cover her earlier false statements to Menzies about plaintiff's authorization to board and work around Frontier aircraft.

98.     Justin Halbsgut (Menzies aviation manager) said Kreiss told him she was "just the messenger" and the decision to remove plaintiff's authorization on Frontier aircraft "came from Frontier".

99.     Both Christine Kreiss and Frontier made false statements and were complicit in their combination and intentions to slander and denigrate plaintiff to Menzies.

100.    Christine Kriess and Frontier both knew a core component for plaintiff to work at Menzies required plaintiff to have authorization to board and work around Frontier aircraft.

101.    Christine Kreiss and Frontier both knew or expected to a high degree of probability Menzies would  "adhere to any requests from Christine Kreiss to prohibit [plaintiff] from being in the Frontier operation" - the sole reason Menzies rescinded her new employment.

102.    Christine Kreiss and Frontier further knew or expected to a high degree of probability Menzies, if plaintiff had no Frontier authorization, would rescind or terminate plaintiff's new employment "because Frontier is Menzies' customer."

103.    Christine Kreiss, acting as aforesaid, acted with actual and apparent authority of Frontier towards Menzies as regards the Menzies contract for the Frontier PHL operation.

104.    Frontier directed, adopted and/or acceded to Kreiss' false statements about

14

plaintiff to Menzies.

105.   Christine Kreiss and Frontier Airlines had no privilege, excuse or justification to make false statements about plaintiff or slander plaintiff to anyone at Menzies under any circumstances.

106.   Christine Kreiss, as Frontier's regional manager at PHL, intended and expected that Menzies would rely on her false statements about plaintiff, and Menzies did rely.

107.   By so directing and/or acceding and adopting Kreiss' false statements about plaintiff, Frontier intended and expected Menzies would rely on the false statements.

108.   Menzies relied and took specific action to rescind plaintiff's new employment, as Kreiss told Menzies she was "just the messenger" and the decisions about plaintiff's aircraft authorization came from Frontier.

109.   As a direct and proximate result of the false statements by Christine Kriess, and Frontier acting by and through Christine Kreiss as aforesaid, Menzies rescinded and terminated plaintiff's new employment with Menzies.

110.   As a direct and proximate result of the false statements by Christine Kreiss and Frontier, acting as aforesaid, Kreiss and Frontier interfered with and induced the breach of plaintiff's new employment with Menzies.

111.   As a direct and proximate result of Frontier's improper and unlawful conduct, plaintiff lost her $45,000/year job at Menzies, the emoluments of the position and career advancement, and any chance of a career in aviation at PHL.

112.   Frontier and Kreiss, acting as aforesaid, engaged in such improper and unlawful conduct and interference with plaintiff's new employment at Menzies intentionally and with malice and/or reckless indifference, knowing to a high degree of probability that harm would

result to plaintiff.

WHEREFORE, plaintiff, Tracy J. Cederfeldt demands judgment in her favor and against defendants, Frontier Airlines, Inc. and Christine Kreiss, individually, jointly and/or severally in an amount in excess of $ 50,000, for monetary damages, compensatory damages, incidental and consequential damages, damages for humiliation and emotional distress, loss-of-standing and reputation with one or more airline carriers and contractors at PHL and the aviation community-at-large, prejudgment interest, liquidated damages, exemplary and/or punitive damages, and such other relief as the court deems just.

*/s/ J. Stephen Woodside*
J. Stephen Woodside
Attorney for plaintiff, Tracy J. Cederfeldt

J. STEPHEN WOODSIDE, P.C.
One Belmont Avenue
GSB Building - Suite 324
Bala Cynwyd, PA 19004
610-278-2442
610-278-2644 (fax)
*jstephenwoodside@verizon.net*

Dated:  May 3, 2020

Case ID: 200500175

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA                    SS:

## *VERIFICATION*

      The undersigned verifies that the statements contained in the foregoing complaint are true

and correct to the best of her knowledge, information and belief.  The undersigned is aware that

these statements are made subject to the penalties of 18 Pa.C.S. §4909 relating to unsworn

falsification to authorities.

                                        *Tracy J. Cederfeldt*
                                        Tracy J. Cederfeldt

Dated: May 3, 2020

17

### *JURY DEMAND*

Plaintiff demands a trial by jury on all issues so triable.

/s/ J. Stephen Woodside
J. Stephen Woodside
Attorney for plaintiff

Dated: May 3, 2020

18

# EXHIBIT B

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

_____

TRACY J. CEDERFELDT,                    :
                                        :
                Plaintiff,              :        CIVIL ACTION - LAW
                                        :
        v.                              :        NO. 200500175
                                        :
FRONTIER AIRLINES, INC.                 :
                                        :
        and                             :
                                        :
CHRISTINE KREISS, an individual,        :
                                        :
                Defendants.             :
_____:

### ACCEPTANCE OF SERVICE OF COMPLAINT

The undersigned, Paul C. Lantis, accepts service of the complaint in this matter on behalf

of defendant, Christine Kreiss, and certifies he/she is authorized to do so.

_____
Paul C. Lantis, Littler Mendelson, P.C.

1601 Cherry Street, Suite 1400 Philadelphia, PA 19102

DATED:  February 11, 2021

# EXHIBIT C

J. Stephen Woodside, Esquire
1 Belmont Avenue, Suite 324
Bala Cynwyd 19004 PA
(610) 278-2442



*Filed and Attested by the*
*Office of Judicial Records*
*06 JAN 2021 10:53 am*
*M. RUSSO*

### Commonwealth of Pennsylvania
### In the Court of Common Pleas
### Philadelphia County

Tracy J. Cederfeldt                                    Case No.:20-05-0175

      v.

Frontier Airlines, Inc., et al.                        **AFFIDAVIT OF SERVICE**

_____

STATE OF CO
COUNTY OF JEFFERSON   ss

I, __Melissa Brookstone_____, being duly sworn according to law upon my oath, depose
and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this
litigation.

On _12_ / _28_ / _2020_ at _1_ : _20_ AM (PM) I served  Christine Kreiss, c/o Corporation Service Company with the
following list of documents:
Complaint

Said service was executed at: __1900 W. LITTLETON BLVD__ __LITTLETON__ __CO__ __80120__
                                **Address**            **City**        **State**     **Zip**

In the following manner

☐ Personally served.

☐ Adult family member with whom said Respondent resides.
    Name: _____ Relationship: _____

☐ Adult in charge of Respondent's residence who refused to give bame and/or relationship.

☐ Manager/Clerk of place of lodging in which Respondent resides.

☐ Agent or person in charge of Respondent's office or usual place of business.

☐ Name: _____ Title:_____ for the agent or person in charge of business

☑ Other: __CORPORATION SERVICE COMPANY, COLE STENDER, CLERK_____

Description of person process was left with:
    Sex: _M_  Skin: _C_  Hair: _SANDY_  Age: _33_  Height: _6'3"_  Weight: _180_

**Non-Service:** After due search, careful inquiry and diligent attempts at the address listed above, I have been
unable to effect process upon the person/entity being served because of the following reason(s)

  ☐ Unknown at Address    ☐ Moved, Left no Forwarding    ☐ Vacant    ☐ No Answer - Several Attempts

  ☐ Address Does Not Exist  ☐ Other _____

Service Attempts: (1) _____  (2) _____  (3) _____  (4) _____
             Date   Time         Date   Time       Date   Time       Date   Time

Signed and swom before me on
this _4th_ day of __JANUARY__, 20 _21_                         _Melissa Brookstone_
                                                      **(Signature)**

_Shannon Kilman_                          Dennis Richman Services for the Professional, Inc
Notary Public                             1500 John F. Kennedy Blvd. Suite #1315,
                             Philadelphia, PA
     ┌─────────────────────────┐  2159778393
     │  SHANNON KILMAN         │
     │  NOTARY PUBLIC          │                            8AAFF/P184674
     │  STATE OF COLORADO      │
     │  NOTARY ID 20134049838  │
     │ MY COMMISSION EXPIRES AUGUST 6, 2021 │
     └─────────────────────────┘

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TRACY J. CEDERFELDT,                          :
                                              :
    Plaintiff,                            :     Case No. _____
                                              :
    v.                                    :     Judge _____
                                              :
FRONTIER AIRLINES, INC.                       :     Removed from Court of Common Pleas,
                                              :     Philadelphia County
and CHRISTINE KREISS, an individual           :     200500175
                                              :
    Defendants.                           :
                                              :

## NOTICE TO ADVERSE PARTIES OF REMOVAL AND CERTIFICATE OF NOTICE
## TO PROTHONOTARY OF COURT OF COMMON PLEAS

Pursuant to 28 U.S.C. § 1446(d), Defendant Christine Kreiss hereby gives written notice to Plaintiff that a notice of removal based upon diversity jurisdiction under 28 U.S.C. § 1332(a), was filed in the above-captioned matter on February 16, 2021.  Ms. Kreiss, through counsel, also certifies that a notice of said filing and a copy of the notice of removal were filed with the Court of Common Pleas of Philadelphia County on February 16, 2021.

Respectfully submitted,

/s/ Paul C. Lantis
Paul C. Lantis
Adama K. Wiltshire
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000 – telephone
267.402.3131 – facsimile
awiltshire@littler.com
plantis@littler.com

Attorneys for Defendants
FRONTIER AIRLINES, INC., and
CHRISTINE KREISS

Dated: February 16, 2021

# EXHIBIT A

Paul C. Lantis,  Esquire
Adama K. Wiltshire,  Esquire
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia,  PA  19102.1321
267.402.3000
267.402.3131(fax)
plantis@littler.com
awiltshire@littler.com

| | | |
|---|---|---|
| Tracy J. Cederfeldt, | : | |
| Plaintiff, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | _____ |
| | : | |
| Frontier Airlines,  Inc. | : | Term: May 2020 |
| and Christine  Kreiss, an individual | : | |
| | : | Docket No.: 000175 |
| | : | |
| Defendant. | : | |
| | : | |

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:    J. Stephen Woodside,  P.C.
       One Belmont Avenue
       GSB Building-Suite  324
       Bala Cynwyd, Pa 19004
       *Attorneys for Plaintiff*

**PLEASE TAKE NOTICE** that a Notice of Removal of this  action from the Court of

Common Pleas of Philadelphia  County,  Pennsylvania,  to the United States District Court for the

Eastern District of Pennsylvania  was duly  filed on February 16, 2021 in the United States District

Court for the Eastern District of Pennsylvania.  A true and correct copy of the Notice of Removal

is attached hereto as Exhibit  A.

In accordance with 28 U.S.C. § 1446, this Notice, together with the Notice of Removal

filed in the United States District  Court for the Eastern District of Pennsylvania,  has effected a

removal of this action from the Pennsylvania  Court of Common Pleas for Philadelphia  County to

the United States District Court for the Eastern District of Pennsylvania.   This Court should proceed no further unless this case is remanded.

Respectfully submitted,

/s/Paul C. Lantis
Paul C. Lantis
Adama K. Wiltshire
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000 (t)
267.402.3131 (f)
plantis@littler.com
awiltshire@littler.com
*Attorneys for Defendants*

Date: February 16, 2021

FRONTIER AIRLINES, INC., and
CHRISTINE KREISS

## <u>CERTIFICATE OF SERVICE</u>

I, Paul C. Lantis, hereby certify that on this 16th day of February, 2021, I caused a true and correct copy of the foregoing Notice of Filing of Notice of Removal to be served via overnight mail upon the following:

> J. Stephen Woodside, P.C.
> One Belmont Avenue
> GSB Building-Suite 324
> Bala Cynwyd, Pa 19004
> Attorneys for Plaintiff
>
> *Attorney for Plaintiff*

> <u>/s/ Paul C. Lantis</u>
> Paul C. Lantis

Dated: February 16, 2021

## CERTIFICATE OF SERVICE

I, Paul C. Lantis, hereby certify that I caused a true and correct copy of the foregoing notice of removal, corporate disclosure statement, and ancillary documents, to be served via e-mail and overnight mail, upon:

> J. Stephen Woodside, P.C.
> One Belmont Avenue
> GSB Building-Suite 324
> Bala Cynwyd, Pa 19004
> Attorneys for Plaintiff

Dated: February16, 2021

*/s/ Paul C. Lantis*
Paul C. Lantis