**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRACY J. CEDERFELDT, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:21-cv-00712 |
| | : | |
| v. | : | |
| | : | |
| FRONTIER AIRLINES, INC. | : | |
| | : | |
| and CHRISTINE KREISS, an individual | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ANSWER AND AFFIRMATIVE AND OTHER DEFENSES**

Defendants, Frontier Airlines, Inc. ("Frontier") and Christine Kreiss (hereinafter collectively referred to as "Defendants") hereby answer the Complaint of Plaintiff, Tracy J. Cederfeldt (hereinafter "Plaintiff"), in accordance with the numbered paragraphs thereof, as follows:

**THE PARTIES**

1.      Defendants admit that Plaintiff is an adult individual.   After reasonable investigation, Defendants are without knowledge sufficient to form a belief as to the remaining facts averred in Paragraph 1, and on that basis, they are denied.

2.      Admitted in part; denied in part.  It is admitted only that Frontier is a corporation that maintains operations at Philadelphia International Airport at 850 Essington Avenue (Terminal E), Philadelphia, PA 19153.  The remaining facts averred in Paragraph 2 are denied.

3.      Denied.  Defendants specifically deny that Frontier had knowledge of, condoned, or otherwise ratified any unlawful conduct of its officers, agents, servants or employees and that any such action was beyond the scope of their agency or authority.

4.      Admitted in part; denied in part.  It is admitted only that Christine Kreiss is an adult. The remaining facts averred in Paragraph 4 are denied.

5.      The averments in Paragraph 5 constitute conclusions of law to which no response is necessary.  To the extent a response is required, they are denied.

6.      The averments in Paragraph 6 constitute conclusions of law to which no response is necessary.  To the extent a response is required, they are denied.

7.      Admitted in part; denied in part.  It is admitted only that Frontier is a low-cost airline, headquartered in Denver, Colorado.  The remaining facts averred in Paragraph 7 are denied.

8.      Admitted.

9.      Admitted.

10.      Admitted in part; denied in part.  It is admitted only that Plaintiff was employed for World Wide Flight Services ("WFS") until January 6, shortly before she was set to begin employment at Menzies Aviation at PHL.  After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the remaining facts averred in Paragraph 10, and on that basis, they are denied.

## JURISDICTION

11.      The averments in Paragraph 11 constitute conclusions of law to which no response is necessary.  To the extent a response is required, Defendants admit that this Court has jurisdiction over this matter.

12.      The averments in Paragraph 12 constitute conclusions of law to which no response is necessary.  To the extent a response is required, Defendants do not dispute that venue is proper.

# FACTUAL BACKGROUND

## Plaintiff's Employment at World Wide Flight Services

13.     Admitted in part; denied in part.  It is admitted only that Plaintiff was employed by WFS and worked in operations supporting Frontier's flights and crews at PHL.  The remaining facts averred in Paragraph 13 are denied.

14.     Admitted.

15.     Denied.

16.     Denied.

17.     Admitted in part; denied in part.  It is admitted only that Plaintiff began preparing a tutorial for some WFS operations.  After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the remaining facts averred in Paragraph 17, and on that basis, they are denied.

18.     Admitted in part; denied in part.  It is admitted that Brad Lambert wrote "this is fantastic" and that the averments in Paragraph 18 refer to an email, and the email is a document that speaks for itself.  All characterizations of the email are denied.

19.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the remaining facts averred in Paragraph 19, and on that basis, they are denied.

20.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the facts averred in Paragraph 20, and on that basis, they are denied.

21.     Admitted in part; denied in part.  It is admitted only that some Frontier pilots provided letters of recommendation for Plaintiff's application.  The remaining facts averred in Paragraph 21 are denied.

22.     Admitted in part; denied in part.  It is admitted only that in January 2020, Plaintiff applied for Frontier's Inflight Coordinator role at Trenton, New Jersey.  The remaining facts averred are denied.

23.     Denied.

24.     Denied.

25.     Admitted in part; denied in part.  Frontier pilots did not provide letters of recommendation in 2019 specifically in support of Plaintiff's efforts to work in operations or managerial positions at Frontier Airlines.  After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the remaining facts averred in Paragraph 25, and on that basis, they are denied.

**Plaintiff accepts the training position at Menzies Aviation at PHL**

26.     Denied.

27.     Admitted in part; denied in part.  It is admitted only that at some point, Plaintiff expressed her intention to resign from her position with WFS.  After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the remaining facts averred in Paragraph 27, and on that basis, they are denied.

28.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the facts averred in Paragraph 28, and on that basis, they are denied.

29.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the facts averred in Paragraph 29, and on that basis, they are denied.

30.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the facts averred in Paragraph 30, and on that basis, they are denied.

31.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the facts averred in Paragraph 31, and on that basis, they are denied.

32.     Denied.

33.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the facts averred in Paragraph 33, and on that basis, they are denied.

34.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the facts averred in Paragraph 34, and on that basis, they are denied.

35.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the facts averred in Paragraph 35, and on that basis, they are denied.

36.     Admitted in part; denied in part.  It is admitted only that January 6, 2020 was scheduled to be Plaintiff's last day of employment with WFS.  After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the remaining facts averred in Paragraph 36, and on that basis, they are denied.

37.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the facts averred in Paragraph 37, and on that basis, they are denied.

**Menzies rescinds the job offer based on false statements by Frontier to Menzies**

38.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the facts averred in Paragraph 38, and on that basis, they are denied.

39.     Admitted.

40.     Denied.

41.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the facts averred in Paragraph 41, and on that basis, they are denied.

42.     Admitted.

43.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the facts averred in Paragraph 43, and on that basis, they are denied.

44.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the facts averred in Paragraph 44, and on that basis, they are denied.

45.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the facts averred in Paragraph 45, and on that basis, they are denied.

46.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the facts averred in Paragraph 46, and on that basis, they are denied.

47.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the facts averred in Paragraph 47, and on that basis, they are denied.

48.     Denied.

49.     Admitted in part; denied in part. It is admitted only that Frontier did not inform Plaintiff that her authorization to work around or aboard its aircraft was revoked.  After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the remaining facts averred in Paragraph 49, and on that basis, they are denied.

50.     Denied.

51.     Admitted.

52.     Admitted.

53.     Denied.

54.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the facts averred in Paragraph 54, and on that basis, they are denied.

55.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the facts averred in Paragraph 55, and on that basis, they are denied.

56.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the facts averred in Paragraph 56, and on that basis, they are denied.

57.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the facts averred in Paragraph 57, and on that basis, they are denied.

58.     Admitted in part; denied in part.  It is admitted only that Plaintiff called Frontier's safety hotline in Denver.  After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the remaining facts averred in Paragraph 58, and on that basis, they are denied.

59.     Admitted.

60.     Denied.

61.     Admitted.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied as stated.  Defendants deny the existence of "the pilots' group" or that Plaintiff applied to various positions with Frontier Airlines from the end of her employment with Menzies Aviation to January 6, 2020.  After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the remaining facts averred in Paragraph 67, and on that basis, they are denied.

68.     Denied as stated.  The averments in Paragraph 68 refer to an email, and the email is a document that speaks for itself.  All characterizations of the email are denied.

69.     Denied as stated.  The averments in Paragraph 69 refer to an email, and the email is a document that speaks for itself.  All characterizations of the email are denied.

70.     Admitted in part; denied in part.  It is admitted only that Brad Lambert did not communicate with Plaintiff after their email exchange.  The remaining facts averred in Paragraph 70 are denied.

**COUNT I**
*Plaintiff v. Frontier, Inc. and Christine Kreiss*
**Defamation – Slander**

71.     The foregoing paragraphs are incorporated by reference as if fully set forth herein.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the remaining facts averred in Paragraph 78, and on that basis, they are denied.

79.     The averments in Paragraph 79 are conclusions of law to which no response is required. To the extent a response is necessary, they are denied.

80.     Denied.

81.     The averments in Paragraph 81 constitute conclusions of law to which no response is necessary.  To the extent a response is required, they are denied.

82.     The averments in Paragraph 82 constitute conclusions of law to which no response is necessary.  To the extent a response is required, denied.

83.     The averments in Paragraph 83 constitute conclusions of law to which no response is necessary. To the extent a response is required, they are denied.

84.     The averments in Paragraph 84 constitute conclusions of law to which no response is necessary. To the extent a response is required, they are denied.

85.     The averments in Paragraph 79 are conclusions of law to which no response is required. To the extent a response is necessary, they are denied.

86.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the facts averred in Paragraph 86, and on that basis, they are denied.

87.     The averments in Paragraph 87 constitute conclusions of law to which no response is necessary. To the extent a response is required, denied.

88.     The averments in Paragraph 88 constitute conclusions of law to which no response is necessary. To the extent a response is required, denied.

**WHEREFORE**, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff, together with costs, attorney's fees, and such further relief as this Court deems just and proper.

## COUNT II
### *Plaintiff v. Frontier, Inc. and Christine Kreiss*
### Tortious interference with contractual relations

89.     The foregoing paragraphs are incorporated by reference as if fully set forth herein.

90.     The averments in Paragraph 90 constitute conclusions of law to which no response is necessary. To the extent a response is required, they are denied.

91.     Admitted in part; denied in part. It is admitted only that Christine Kreiss informed Menzies Aviation that Plaintiff's authorization to work around or aboard Frontier's aircraft was revoked. After reasonable investigation, Defendants are without knowledge sufficient to form a

belief about the remaining facts averred in Paragraph 91, and on that basis, they are denied.

92.     Admitted in part; denied in part.  It is admitted only that Christine Kreiss informed Menzies Aviation that Plaintiff's authorization to work around or aboard Frontier's aircraft was revoked.  The remaining facts averred in Paragraph 92 are denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     After reasonable investigation, Defendants are without knowledge sufficient to form a belief about the facts averred in Paragraph 98, and on that basis, they are denied.

99.     Denied.

100.    Denied.

101.    After reasonable investigation, Defendants are without knowledge sufficient to form a belief as to the facts averred in Paragraph 101, and on that basis, they are denied.

102.    After reasonable investigation, Defendants are without knowledge sufficient to form a belief as to the facts averred in Paragraph 102, and on that basis, they are denied.

103.    The averments in Paragraph 103 constitute conclusions of law to which no response is necessary.  To the extent a response is required, they are denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    After reasonable investigation, Defendants are without knowledge sufficient to form a belief as to the facts averred in Paragraph 108, and on that basis, they are denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

**WHEREFORE**, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff, together with costs, attorney's fees, and such further relief as this Court deems just and proper.

## <u>AFFIRMATIVE AND OTHER DEFENSES</u>

1.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.    Plaintiff has failed to establish any basis to demonstrate any wanton or reckless conduct on the part of Defendants such that punitive damages are warranted.

3.    At all times, Defendants acted reasonably and in good faith.

4.    The decision to revoke Plaintiff's authorization to work around or aboard Frontier's aircraft was made for legitimate, business reasons.

5.    Christine Kreiss' statement that Plaintiff's authorization to work around or aboard Frontier's aircraft was revoked prior to the start of Plaintiff's employment with Menzies' Aviation was true and accurate.

6.    Defendants had no knowledge that Plaintiff's future employment with Menzies Aviation depended solely on her ability to work around or aboard Frontier's aircraft or that Plaintiff would have no opportunity to work with other airlines or entities while employed at Menzies Aviation.

7.    Plaintiff failed to mitigate her damages, if any, and Defendants are entitled to an offset.

8.   Plaintiff's damages were caused by her own conduct.

9.   Defendants will rely on all lawfully available proper defenses that the evidence may reveal and reserve the right to amend this Answer to state such defenses.

Respectfully submitted,

Dated: February 23, 2021

/s/ Adama K. Wiltshire
Paul C. Lantis, (PA #309240)
Adama K. Wiltshire, (PA #326876)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000
267.402.3131 (fax)
plantis@littler.com
awiltshire@littler.com

*Attorneys for Defendants*
*Frontier Airlines, Inc. and Christine Kreiss*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of February, 2021, I electronically filed the foregoing document with the Clerk of the Court using the electronic filing system. Upon the electronic filing of a pleading or other document, the system will automatically generate and send a Notice of Electronic filing to all filing users associated with this case-electronic service by the Court of the Notice of Electronic Filing constitutes service of the filed document and no additional service upon the filing user is required.

> J. Stephen Woodside, P.C.
> One Belmont Avenue
> GSB Building – Suite 324
> Bala Cynwyd, PA 19004
> 610-278-2442
> Email: jstephenwoodside@verizon.net
> *Attorneys for Plaintiff*

> */s/ Adama K. Wiltshire*
> Adama K. Wiltshire