IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACY J. CEDERFELDT, | : |
| Plaintiff, | : |
| v. | : Case No. 2:21-cv-00712 |
| FRONTIER AIRLINES, INC. | : |
| and CHRISTINE KREISS, an individual | : |
| Defendant. | : |

**REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on **April 14, 2021** and submit the following report of their meeting for the Court's consideration ahead of the Rule 16 Conference which will be held on **April 21, 2021**, at **2:30 p.m.**

**1. Discussion of Claims, Defenses, and Relevant Issues**

**Plaintiff:**

Plaintiff, Tracy Cederfeldt worked at Worldwide Flight Services (WFS) as Frontier Airline's ground contractor providing services and support to Frontier flights and crews at Philadelphia International Airport (PHL). Her work performance and reputation was exceptional. On January 2, 2020, Ms. Cederfeldt accepted a job with Menzies Aviation (PHL) in operations. Both contractors serviced Frontier. On January 6, 2020, Menzies revoked the offer based on a false statement by Frontier that Cederfeldt's authorization on Frontier aircraft had been revoked. Frontier never revoked her authorization to work around Frontier aircraft while at WFS. In February, 2020, plaintiff applied for and was offered a job at Frontier working as coordinator, inflight operations (Trenton, NJ). In March, 2020 Frontier terminated Cederfeldt, claiming "security concerns" occurring during her WFS employment rendered Cederfeldt "ineligible" for a

SIDA badge (again, all false) to work around Frontier aircraft. Cederfeldt's SIDA badge was never revoked by any contractor or airline at PHL. TSA never revoked her SIDA authorization. Christine Kreiss made other false statements slanderous of plaintiff. Frontier's slander and libel directed to Menzies and WFS (after her employment ended) prevents Ms. Cederfeldt from working at PHL.

**Defendant:**

Frontier Airlines, Inc. ("Frontier Airlines") contracted with World Wide Flight Services ("WFS"), which provides support to Frontier Airlines' flight operations and customer service. Ms. Cederfeldt was employed by WFS. In late 2019, Frontier received complaints that Ms. Cederfeldt engaged in unprofessional behavior that resulted in delayed flights, security concerns, and infringed on the personal lives of Frontier Airlines' pilots. Around January 2020, Ms. Cederfeldt behaved in an inappropriate manner, yelled, and disparaged Frontier Airlines within hearing distance of other persons. Because of these incidents, Frontier Airlines determined that Ms. Cederfeldt should not be permitted to work on or around Frontier Airlines aircraft.

### 2. Informal Disclosures

Defendants served initial disclosures on April 14, 2021. Plaintiff intends to serve initial disclosures by April 19, 2021. Both parties will supplement as appropriate and required by law. Frontier Airlines has served initial interrogatories and requests for production of documents.

### 3. Formal Discovery

The parties agree that fact discovery shall be completed on or before September 18, 2021. The parties further agree that all forms of discovery, including depositions, interrogatories and requests for production of documents should proceed according to the Federal Rules of Civil Procedure.

The parties have discussed the procedures they will take to preserve electronically stored information and the steps each will take to avoid inadvertent privilege waivers. At this time, the parties are not aware of any issues regarding the disclosure of discoverable electronically stored information. Plaintiff anticipates that some third-party discovery may be necessary.

**4. Electronic Discovery**

The parties anticipate that e-mail and/or text message communications will be discovered and produced in this case, which the parties agree to produce in PDF or TIFF format, unless otherwise necessitated. The parties agree to meet and confer in light of their document requests to determine custodians, temporal scope, and search terms for ESI in accordance with Rule 26 proportionality requirements.

**5. Expert Witness Disclosures**

Plaintiff's expert report will be due by September 30, 2021 and Plaintiff's expert will be deposed by October 15, 2021. Defendants' expert report will be due by October 15, 2021, and Defendants' expert will be deposed no later than October 30, 2021.

Dispositive motions will be due no later than November 2, 2021. Responses will be due no later than November 23, 2021.

**6. Insurance Coverage**

Frontier Airlines, Inc. maintains an insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**7. Settlement or Resolution**

The parties have met and conferred about early settlement pursuant to Local Rule 53.3. Plaintiff has not yet conveyed a settlement demand. The parties will inform the Court if a Settlement Conference with a Magistrate Judge would be beneficial.

**8. Trial date**

The parties anticipate being ready for trial 45 days after this Court's ruling on dispositive motions or, if no dispositive motion is filed, 60 days after close of discovery.

**9. Length of Trial**

The parties anticipate that trial will last no more than 4 days.

**10. Other Matters**

None at this time.

Respectfully submitted,

*/s/ J. Stephen Woodside*
J. Stephen Woodside, P.C.
One Belmont Avenue
GSB Building – Suite 324
Bala Cynwyd, PA 19004
610-278-2442
Email: jstephenwoodside@verizon.net
*Attorneys for Plaintiff*

Dated: April 16, 2021

*/s/ Adama K. Wiltshire*
Paul C. Lantis, (PA #309240)
Adama K. Wiltshire, (PA #326876)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000
267.402.3131 (fax)
plantis@littler.com
awiltshire@littler.com

*Attorneys for Defendants*
*Frontier Airlines, Inc. and Christine Kreiss*

Dated: April 16, 2021

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of April 2021, I electronically filed the foregoing document with the Clerk of the Court using the electronic filing system. Upon the electronic filing of a pleading or other document, the system will automatically generate and send a Notice of Electronic filing to all filing users associated with this case-electronic service by the Court of the Notice of Electronic Filing constitutes service of the filed document and no additional service upon the filing user is required.

                                                         */s/ Adama K. Wiltshire*
                                                         Adama K. Wiltshire

# REDACTED

# REDACTED

**From:** Kreiss, Christine
**Sent:** Thursday, January 9, 2020 7:52 AM
**To:** Ruggieri, Randy <Randy.Ruggieri@flyfrontier.com>
**Subject:** RE: Tracy Cederfeldt - please read the entire email, I know you don't like long emails.


I really don't think I have that kind of power.  Tracy was a Ops agent for WFS.   Her last day was Monday.  Her last day in the office she sat in OPS(next to my office) yelling and telling the other employees how bitter she was towards the company, she should have been made the Mgr.  She then stood outside of my door criticizing the company to another agent.  I told them both, this is our office.  If you want to criticize us take it somewhere else.  After the commotion Tracy made in our office and repeatedly stating how bitter she was,  I told Menzies that Frontier leases gates 6,7.8.& 10.  I do not want Tracy in our leased area or on our Jetways.
Sean M was issuing a final letter of understanding to Tracy due to the below email from one of our pilots, but she gave her 2 weeks notice.  I told Sean to let it go, she was leaving in two weeks, and every write up she has received has caused quite the stir up here.   The email in below, forwarded from Matt Renz.
Very bright woman..  She became very friendly with a group of the pilots.  Spent a lot of time out of the office up on the aircraft.  WFS coached her on this due to leaving ops unattended..  She had the pilots telling her she was the best thing in PHL so she felt above the Management here.  Any time a PHL employee gets behind on their PNPs, I suspend their flight benefits for a month.  If they go multiple months not keeping up, I suspend for 3 months.  Tracy put in for travel on F9 through the WFS Admin.  The Admin advised her priv were suspended due to multiple months of non

compliance.  She left the office screaming, slamming doors.  One of our pilots gave her a pass to fly.  When traveling on one of our flights, the aircraft came in as a red eye turn.  Tracy used her badge and went onto the aircraft to start helping with the aircraft security search.  She isn't qualified.  The search had to be redone, the ramp were not aware she wasn't qualified.  When everyone was boarded, the aircraft went on MX, she walked off of the aircraft onto the jetway and called SOC for an update.   Troy told me when he started that he had been warned by WFS HR to be very careful with Tracy.  Tracy had contacted their HR each time she was written up claiming harassment.   Troy definitely stepped back when it came to Tracy, she has a very strong personality and can manipulate a situation.

Tracy was escorting the pilots from the gates down into OPS to hang out.  It was discussed with her that she does not have escort on her badge to bring the pilots down and she has work to do.   She then started directing the pilots to come down the jetway and come across the ramp.  The first time one of them were seen in OPS  hanging out, Tracy's response was, I spoke to TSA, they are allowed to come from their aircraft into OPS.  I am aware of the AOSSP and that a pilot may be on the ramp around his aircraft and may go into OPS.  The issue was them hanging out in OPS for over 30 mins while we had other aircraft on the ground.

Matt Renz, PHL Base Chief Pilot, has been kept in the loop of the issues.  Matt was the one that spoke to the pilots that had complaints about Tracy.  Tracy had gotten ahold of these pilots cell numbers and was texting them prior to their show time, and at all hours, asking how they were doing.  One of the pilots showed Matt his cell with 8 text from Tracy all without a response from the pilot.

Being in OPS, Tracy receives all of the flight paperwork to review prior to filing.  There was a morning that the security search paperwork was questionable.  Tracy was right, there was an issue, I can not confirm if the searches were completed.  There was still some trash on the aircraft.  Instead of bringing this issue to my attention or the attention of Management, Tracy contacted our TSI.

Below is the email from one of the pilots.  This is what drove the final from Sean M.  Prior, no one had ever mentioned any of the items the capt listed in this email   Matt, the Chief Pilot requested it in writing from the pilot when he told him in person.  Matt did send this to Shawn Christensen so he would be aware.

**From:** [DELETED]
**Sent:** Friday, December 6, 2019 11:28 AM
**To:** Renz, Matthew <Matthew.Renz@flyfrontier.com>
**Subject:** PHL Operations

Per our conversation yesterday, below are my concerns with the Operations in PHL.

Over the last several months, I have observed numerous incidents which did not advance our goal of efficient on time departures.  Although I believe her heart is in the right place, Tracey has a tendency to compound the situation.  Tracey micromanages the gate agents and interferes with the flight crews during aircraft pre-boarding checks, briefs and maintenance delays.  Many times the flight release paperwork and preliminary weight/balance are late to the aircraft.  When requested by the flight crew, Tracey will text a picture of the paperwork to the flight crew.  When boarding is denied due to lack of paperwork or maintenance discrepancies, Tracey will attempt to override the decision to hold boarding.  This attempt at overriding the Captain's decision to hold boarding has created

conflicts with the flight crew and gate agents.

In addition, Tracey has obtained our cell phone numbers.  During high workload times, such as weight & balance issues or conversations with maintenance concerning an issue, Tracey will call our phone to inquire about the delay.  If the call goes unanswered, the gate agent has handed their phone to the flight crew and Tracey is on it- wanting to know what is going on.  This may seem harmless to her, but the phone call is unnecessary and slows down the resolution.  Many times, the decision to delay boarding has to be repeated to numerous people in Operations.  After the decision to hold boarding and advising the gate agent, Tracey will either call our phone or show up on the flight deck to inquire further about the reason for delay.  This does not assist in resolving the issue.  Also, this does not happen at any other station in our system.

Furthermore, Tracey has sent text messages during very early morning hours to crew members after seeing them on the flight release.  These text messages have been up to two hours before show time- before even getting out of bed to shower for an early show.  The text will normally be a greeting and statement of "...let me know if you need anything".  In addition to the improper early morning text messages, Tracey has met crew members at the gate to hand deliver the paperwork.  The delivery of paperwork is nice, but Tracey will want to hug the crew member in front of passengers.  This gesture in the presence of passengers and in a work environment is unprofessional.

In conclusion, I do believe Tracey's heart is in the right place.  She is goal-oriented for an on-time departure.  I do appreciate the thoughtfulness and effort.  I feel Tracey does not understand the over extension of her actions are counterproductive.  I see the gate agent as the Captains first point of contact at the gate.  As such, information and decisions should be funneled through the gate agent.  Then, the gate agent has the responsibility and opportunity to distribute information accordingly.


The above was from one of our pilots.   Tracy is not the first person I have not allowed in our area.  I had a WFS  ramp agent removed from our contract due to his behavior on the ramp.  He also works for AA on the ramp and dates one of the girls from WFS.  He was driving down here on a AA tug, I told WFS he is not allowed in our area.

Chris

---

**From:** Ruggieri, Randy <Randy.Ruggieri@flyfrontier.com>
**Sent:** Wednesday, January 8, 2020 11:45 PM
**To:** Kreiss, Christine <Christine.Loder@flyfrontier.com>
**Subject:** FW: Tracy Cederfeldt

Hey Chris,

What can you tell me about this person? Vicious rumor has it that you have forbidden other business partners to hire this person on our account, specifically Menzies. Thanks!



**From:** Christensen, Shawn <Shawn.Christensen@flyfrontier.com>
**Sent:** Wednesday, January 8, 2020 9:12 PM
**To:** Nguyen, My (Emie) <Emie.Nguyen@flyfrontier.com>; Arellano, Gerardo <gerardo.arellano@flyfrontier.com>; Ruggieri, Randy <Randy.Ruggieri@flyfrontier.com>
**Cc:** Office of the ChiefPilot <OfficeoftheChiefPilot@flyfrontier.com>
**Subject:** FW: Tracy Cederfeldt

Good evening Team,
We received the below kudos about a station agent in PHL who is looking to find a position with Frontier Airlines v business partner. I figured I'd pas along in the event you know who this is or if she is in the hiring process.

Very Respectfully,



SHAWN P. CHRISTENSEN, Captain
Chief Pilot
Frontier Airlines
4545 Airport Way
Denver, CO 80239
HQ: (303) 348-7600
Duty Phone: (720) 936-1865
Shawn.christensen@flyfrontier.com

**CONFIDENTIALITY NOTICE:** If you have received this email in error, please immediately notify the sender by email at the address shown. This email transmission may contain confidential information. This information is intended only for the use of the individual(s) or entity for which it is intended, even if addressed incorrectly. Please delete it from your files if you are not the intended recipient.

**From:** Fey, Patrick <Patrick.Fey@flyfrontier.com>
**Sent:** Wednesday, January 8, 2020 11:02 AM
**To:** Christensen, Shawn <Shawn.Christensen@flyfrontier.com>; Renz, Matthew <Matthew.Renz@flyfrontier.com>
**Subject:** Tracy Cederfeldt

Captain Christensen,

We recently lost one of our best people in Philadelphia, Tracy Cederfeldt. She worked in operations at WFS and was a beacon of hard work and joy in our operation. She truly put her heart and mind

into every day at work. She went above and beyond to keep our operation running on time, while having a contagious joy in doing so. Unfortunately she was no longer able to accept the conditions that WFS offered her.

Tracy has informed me that she has applied at several positions with Frontier. She would be an asset to our company. One of the tenants of low fares done right is "It's about the people." The first bullet point of that part of LFDR is "Recruit the Best". Tracy is the best at what she does. She would be a huge asset to our team, and we can not afford not to have her working for us. I recommend that Frontier aggressively move to recruit and retain Tracy as part of our team.

Sincerely,
Patrick Fey



**Patrick Fey**
Captain & Line Check Airman
REDACTED

Patrick.Fey@flyfrontier.com